UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERMAN YOUNG,

                    Plaintiff,

        v.

THE BOEING COMPANY,

                    Defendant.

CASE NO. 2:24-cv-01277

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND JUDGMENT

        This matter comes before the Court on Plaintiff Herman Young's motion to amend judgment, Dkt. No. 50. Having reviewed the motion, the response, Dkt. No. 52, the reply, Dkt. No. 54, and the record, the Court DENIES the motion.

        Federal Rule of Civil Procedure 59(e) provides that a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." To prevail, the movant must show: (1) manifest errors of law or fact upon which the judgment rests; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; or (4) an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). This is a "high hurdle" for movants. *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). A Rule 59(e) motion may not be

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT - 1

used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citation modified).

Young's motion fails to clear this high hurdle. He presents no newly discovered evidence and identifies no intervening change in controlling law. Instead, he reasserts arguments the Court already considered and rejected. A Rule 59(e) motion is properly denied when the movant presents "no arguments that had not already been raised in opposition to summary judgment." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Young's main argument is that the Court erred in striking several of the exhibits he submitted in opposition to Boeing's summary judgment motion as unauthenticated. The Court applied the correct evidentiary standard under *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002), which requires that evidence considered at summary judgment be capable of authentication at trial, and that unauthenticated documents be excluded. Young concedes that "no separate declaration accompanied the five exhibits at issue." Dkt. No. 50 at 2. Young's contention that these exhibits were "created, produced, and authenticated by Boeing" mischaracterizes the record. His "My Name is Herman Young" statement, Dkt. No. 24-23, for example, bears the Bates label "YOUNG_000004"—suggesting that Young, not Boeing, produced it in discovery. In any event, that a document was produced in discovery or discussed at a deposition does not satisfy authentication

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT - 2

requirements under Rule 56. And to the extent Young's stricken exhibits overlapped with Boeing's authenticated versions, the Court already considered those versions. Dkt. No. 45 at 10. No clear error has been shown.

Young also contends that the Court improperly resolved credibility disputes and misapprehended material facts. But these arguments repackage the same contentions he raised in opposition to summary judgment. The Court already addressed and rejected these arguments in its order. Mere disagreement with the Court's ruling does not establish clear error or manifest injustice. *See Santiago v. Gage*, No. 3:18-CV-05825-RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020). And the Court's decision to strike unauthenticated exhibits was an evidentiary ruling applying well-established standards, not an improper credibility determination.

Finally, Young cites several Ninth Circuit opinions for the general proposition that district courts may not weigh credibility at summary judgment. These cases are not new or intervening legal authority. Nor do they demonstrate clear error in this Court's prior order, which drew all reasonable inferences in Young's favor while concluding that, even so, he did not have enough evidence to survive summary judgment.

In sum, Young has not demonstrated newly discovered evidence, clear error, manifest injustice, or an intervening change in controlling law. His motion simply relitigates arguments already addressed and rejected by this Court on summary judgment. Accordingly, the Court DENIES Young's Rule 59(e) motion to amend judgment. Dkt. No. 50.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT - 3

Dated this 6th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT - 4